Per Curiam.

Unless the corporate defendant was under a duty to speak, it is not liable in fraud for failure to inform the plaintiff of the actual or imminent insolvency of the individual defendant [lessee of the entire building]. Inasmuch as it is not alleged that the plaintiff and the corporate defendant had any dealings or other direct contact, the silence of the corporate defendant in the circumstances did not constitute fraud. No cause of action for fraud is stated.
*265 The cause of action for money had and received is, however, sufficient. Liberally construed, this cause of action alleges that the corporate defendant permitted the plaintiff to improve its property, knowing that the plaintiff was soon to lose possession of his apartment and that had this fact been communicated to the plaintiff, he would not have made the improvement. Since it may not be said as a matter of law that in these circumstances the corporate defendant may in good conscience enjoy the improvement without paying for it, the plaintiff should be given the opportunity to develop all the facts on the trial.
The order should be modified by granting the motion to dismiss the first cause of action in fraud as against the corporate defendant with leave to serve an amended complaint within 10 days after service of a copy of the order hereon with notice of entry and, as modified affirmed, without costs.
Concur — Hofstadter, J. P., Aurelio and Tilzer, JJ.
Order modified, etc.